Curia, per

O’Heall, J.
The 7th section of the Act of 1799, entitled “ An Act supplementary to an Act entitled an Act to establish an uniform and more convenient system of judicature,” (2 Faust, 315,) enacted that it “shall not be necessary to petition, as heretofore, any of the judges of the State for any writ of attachment.”(a) Accompanying this enactment is a proviso in the following words : “Provided, always, that no writ of attachment shall issue before the plaintiff has given bond to the defendant, in double the amount for which the attachment issues, to be taken by and lodged with the clerk of the district, to be answerable for all damages which the defendant may sustain by any illegal conduct in obtaining said attachment.” The words of this proviso are so plain that we are compelled to enforce them. Rone but the plaintiff, or his attorney in fact, acting in his name and stead, can execute the bond. We have no right to do more than to say “ iia lex scripta.” If we were, however, at liberty to reason about it, we should arrive at the same conclusion. The plaintiff suing can just as easily constitute an attorney in fact to execute the bond, as he can appoint an attorney at law to sue. The defendant, too, is ^entitled to the security of the party professing to be his creditor, to be answerable for all damages for any illegal conduct attending the suing out his attachment. If this *36 were not so, persons absent from the State, and having property in it, might be harassed by attachments on unfounded claims, and the persons setting them on foot might shelter themselves behind the bond of irresponsible persons. So, too, it is for the plaintiff’s interest that he, in person or by attorney, should execute the bond. He might not be willing to incur the responsibilities of an attachment, if informed that that was his mode of redress. It is the right and the duty of a party in Court, to be informed correctly of the consequences likely to result from the proceeding set on foot in his name. The attachment Act operating in rem, and divesting the alleged debtor of his power of controlling his own property before the debt is ascertained by the judgment of a Court, ought to be strictly construed. And hence, therefore, we should not be at liberty to seek for an interpretation beyond the plain meaning of the words.
See Dillon vs. Watkins, 2 Sp. 445. Byne vs. Byne, 1 Rich. 438. Wigfall vs. Byne, 1 Rich. 412. An.
Cheves, for the motion. Black and Arthur, contra.
The bond in this case was not given by the plaintiff, or in her name. It was the bond of her son, William M. Myers. This was no compliance with the Act, and hence the writ was improperly issued.
The motion to reverse the decision of the Judge below, and to quash the writ of attachment is granted.
Gantt, Earle, Butler, JJ., concurred: Richardson, J, dissented,

 7 Stat. 294. See Act of 1839. 11 stat. 76 § 21. An.